**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DE LAGE LANDEN<br>FINANCIAL SERVICES, INC<br>Wayne, PA 19087-6608<br>        Plaintiff | :<br>:<br>:<br>: No.<br>: |
| v. | :<br>: |
| DIGITAL PARTNERS OF ARKANSAS, INC.<br>f/k/a RALPH CROY & ASSOCIATES, INC.<br>701 W. Capitol Avenue<br>Little Rock, AR 72201 | :<br>:<br>:<br>:<br>: |
| and | :<br>: |
| Ralph Croy<br>21718 Peach Tree Lane<br>Hensley, AR 72065<br>        Defendants | :<br>:<br>:<br>:<br>: |

## COMPLAINT

**I.    PARTIES**

1.    Plaintiff, De Lage Landen Financial Services, Inc. ("DLL") is a Michigan corporation, a citizen of the State of Pennsylvania, with a corporate headquarters at 1111 Old Eagle School Road, Wayne, Chester County, PA.

2.    DLL is in the business, *inter alia*, of financing leased office equipment.

3.    Defendant, Digital Partners of Arkansas, Inc. f/k/a Ralph Croy & Associates, Inc. ("Lessee"), a citizen of the State of Arkansas, is an Arkansas corporation that maintains its principal place of business at 701 W. Capitol Avenue, Little Rock, AR 72201.

126240 v1

4.    Defendant, Ralph Croy ("Guarantor"), a citizen of the State of Arkansas, is an adult individual with an address of 21718 Peach Tree Lane, Hensley, AR 72065 and is the owner and sole proprietor of Croy Print Shop.

## II.    JURISDICTION AND VENUE

5.    This is an action between citizens of different states.  The matter in controversy exceeds the sum or value of $75,000, exclusive of all costs.  This Court therefore has jurisdiction of this matter by virtue of 28 U.S.C. § 1332 (a)(1) and pursuant to the Lease between the parties wherein the Lessee agreed to subject itself to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. By reason of the foregoing, the present action is properly before this Court.

6.    Venue is properly laid within this judicial district pursuant to 28 U.S.C. § 1391 (a)(2) and pursuant to the aforementioned consent by Lessee to subject itself to the jurisdiction of United States District Court for the Eastern District of Pennsylvania.

## III.    FACTS

7.    On or about September 2, 1999, Croy Print Shop executed lease number 24311848 ("Lease A") with DLL for certain equipment referred to therein.

8.    Lease A obligated Croy Print Shop to make sixty (60) equal monthly payments in the minimum amount of $2,080.05, after which time it was required to return the leased equipment.

9.    As a condition of entering into Lease A, DLL required that Lessee and Guarantor guarantee the performance of the Lease obligations.

126240 v1

10.     On or about November 27, 2000, Lessee executed lease number 24369295 ("Lease B") with DLL for certain equipment referred to therein.

11.     Lease B obligated Lessee to make thirty-six (36) equal monthly payments in the minimum amount of $2,424.00, after which time it was required to return the leased equipment.

12.     As a condition of entering into Lease B, DLL required that Guarantor personally guarantee the performance of the Lease obligations.

13.     On or about March 21, 2001, Lessee executed lease number 24387421 ("Lease C") with DLL for certain equipment referred to therein.

14.     Lease C obligated Lessee to make thirty-six (36) equal monthly payments in the minimum amount of $446.76, after which time it was required to return the leased equipment.

15.     On or about April 3, 2001, Lessee executed lease number 24388507 ("Lease D", collectively with Leases A, B and C, the "Leases") with DLL for certain equipment referred to therein.

16.     Lease D obligated Lessee to make thirty-six (36) equal monthly payments in the minimum amount of $2,863.00, after which time it was required to return the leased equipment.

17.     As a condition of entering into Lease D, DLL required that Guarantor guarantee the performance of the Lease obligations.

18.     Lessee signed a Cross Corporate Guaranty thus agreeing to guarantee the Lease A obligations.

19.     Guarantor agreed to guarantee the Lease A, B and D obligations personally.

20.     Croy Print Shop made twenty-nine (29) Lease A payments, the last of which was received on February 27, 2002.

21.     Lessee made thirteen (13) Lease B payments, the last of which was received on March 11, 2002.

22.     Lessee made ten (10) Lease C payments, the last of which was received on March 11, 2002.

23.     Lessee made eight (8) Lease D payments, the last of which was received on March 11, 2002.

## COUNT I
## BREACH OF CONTRACT
### De Lage Landen Financial Services, Inc. v. Lessee

24.     The allegations contained in paragraphs 1 through and including 23 are incorporated herein by reference as if fully set forth.

25.     The failure to make the required monthly payments as they come due under the Leases constitutes an event of default under the Leases.

26.     As a result of, *inter alia*, Lessee's failure to make the required payments when due, DLL declared the Leases in default and further declared the entire balance of the unpaid payments for the full term thereunder immediately due and payable as permitted by the Leases.

27.     The accelerated amounts due under Lease A plus the residual value of the equipment totals $72,588.59.

126240 v1

28.    The accelerated amount due under Lease B totals $55,752.00.

29.    The accelerated amount due under Lease C totals $10,894.00.

30.    The accelerated amount due under Lease D totals $80,164.00.

31.    Lessee failed to return the leased equipment upon default as required by the Lease.

32.    The Leases provide that in the event that Lessee fails to make a Lease payment when due, DLL is entitled to a minimum of ten percent (10%) of the overdue Lease payment or a minimum of $10.00, whichever is greater, for each delayed Lease payment for the loss of use of the overdue amount and for additional administrative expenses incurred as a result of the delayed payment.

33.    Lessee has incurred late charges of $497.88 and finance charges of $144.55 as a result of late payments on Lease A.

34.    Lessee has incurred late charges of $996.30 and finance charges of $103.71 as a result of late payments on Lease B.

35.    Lessee has incurred late charges of $20.95 and finance charges of $6.28 as a result of late payments on Lease C.

36.    Lessee has incurred late charges of $848.79 and finance charges of $135.40 as a result of late payments on Lease D.

37.    The Leases provide that upon default, monies due thereunder shall bear interest at the rate of eighteen percent (18%) per annum from the date of default until paid.

126240 v1

38.    The Leases provides that Lessee shall pay all expenses and reasonable attorneys' fees incurred by DLL in connection with the enforcement of its rights thereunder.

39.    Despite its obligation to do so, Lessee has failed and refused to fulfill its obligations under the Leases and Cross Corporate Guaranty.

**WHEREFORE**, Plaintiff, De Lage Landen Financial Services, Inc., demands judgment in its favor and against Lessee in the amount of $222,152.45, prejudgment and postjudgment interest at eighteen per cent (18%) per annum from the date of default, costs, reasonable attorneys' fees and such other relief as this Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT
### De Lage Landen Financial Services, Inc. v. Guarantor

40.    The allegations contained in paragraphs 1 through and including 39 are incorporated herein by reference as if fully set forth.

41.    Guarantor absolutely and unconditionally guaranteed the due and punctual payment to DLL of all amounts payable under Leases A, B and D; the full, prompt and unconditional discharge of every obligation to be performed by Lessee under Leases A, B and D and all expenses of obtaining and endeavoring to obtain payment or performance thereof, or of enforcing the Guaranties.

42.    As Lessee failed to make the required payments when due and otherwise failed to perform its obligations under Leases A, B and D, DLL declared the Leases in

default and despite repeated demands, Guarantor has failed and refused to fulfill its obligations under the Guaranties.

43.    The failure and refusal of Guarantor to fulfill Guarantor's obligations pursuant to the Personal Guaranties constitutes a breach thereof.

**WHEREFORE**, Plaintiff, De Lage Landen Financial Services, Inc., demands judgment in its favor and against Ralph Croy in the amount of $208,504.59, prejudgment and postjudgment interest at eighteen per cent (18%) per annum from the date of default, costs, reasonable attorneys' fees and such other relief as this Court deems just and proper.

By:_____
      Christopher C. Negrete
      I.D. No. 86152
      Frank P. Spada, Jr.
      I.D. No. 48331
      FLAMM, BOROFF & BACINE, P.C.
      925 Harvest Drive, Suite 220
      Blue Bell, PA 19422
      (215) 239-6000
      Counsel for Plaintiff
      De Lage Landen Financial Services, Inc.

Dated:_____

126240 v1