IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DE LAGE LADEN FINANCIAL SERVICES, INC. | : | |
| Plaintiff, | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| DIGITAL PARTNERS OF ARKANSAS, INC.; f/k/a RALPH CROY & ASSOCIATES, INC.; and, RALPH CROY | : | NO. 02-4877 |
| Defendants. | : | |

## SCHEDULING ORDER

**AND NOW**, this 20th day of December, 2002, following a Preliminary Pretrial Conference on said date, the parties, through counsel,[1] having reported that they are interested in discussing the question of settlement after completion of discovery, **IT IS ORDERED** that counsel shall jointly report to the Court in writing (letter to Chambers, Room 12613) on or before June 27, 2003, with respect to whether the case is settled. In the event the case is not settled on or before June 27, 2003, counsel shall include in their joint report a statement as to whether they believe a settlement conference before a magistrate judge might be of assistance in resolving the case and, if so, by what date they will be prepared for such a conference.

**IT IS FURTHER ORDERED** that the case shall proceed on the following schedule:

1. All discovery shall proceed forthwith and continue in such manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed by April 18, 2003;

2. All trial exhibits shall be marked and exchanged on or before April 25, 2003;

---

[1] Plaintiff and defendant, Digital Partners of Arkansas, Inc., were represented by counsel at the Conference. A default was entered against defendant, Ralph Croy, on November 18, 2002.

3. Plaintiff reported that it did not plan to call any expert witnesses in its case-in-chief.

Defendant, Digital Partners of Arkansas, Inc. (hereinafter referred to as "defendant"), reported that it did not plan to call any expert witnesses on damages in its case but that it might be required to call an expert witness(es) on liability in its defense of plaintiff's claim.

On or before April 18, 2003, defendant shall identify and submit curriculum vitae for all expert witnesses on liability. On or before May 23, 2003, defendant shall serve plaintiff with reports and/or responses to expert witness discovery for all such expert witnesses.

On or before June 6, 2003, plaintiff shall identify and submit curriculum vitae for all expert witnesses on liability plaintiff will call at trial in response to defendant's expert witness submissions. On or before June 20, 2003, plaintiff shall serve defendant with reports and/or responses to expert witness discovery for all such expert witnesses;

4. Any party expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 shall, at the time required for submission of information and/or reports for expert witnesses, serve opposing parties with details and/or documents covering the lay opinions of the Rule 701 witnesses;

5. The parties reported that they did not plan to take any depositions of expert witnesses;

6. Any motions for summary judgment or <u>Daubert</u> motions shall be filed and served on or before July 9, 2003. Responses to any such motions shall be filed and served within the time provided under the Local Civil Rules of this Court. Two copies of any such motions and responses shall be served on the Court (Chambers, Room 12613) when the originals are filed;

7. All parties shall prepare and file with the Clerk of Court their Pretrial Memoranda, in accordance with this Order and Local Rule of Civil Procedure 16.1(c) as follows:

      A.  Plaintiff - on or before September 12, 2003.

      B.  Defendant - on or before September 19, 2003.

One (1) copy of each Pretrial Memorandum shall be served on the Court (Chambers, Room 12613) when the original is filed;

    8.  The case will be placed on the Court's trial list on September 26, 2003;[2]

    9.  Any party having an objection to: (A) the admissibility of any exhibit based on authenticity; (B) the admissibility for any reason (except relevancy) of any evidence expected to be offered; or, (C) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately each such objection in their Pretrial Memorandum.  Each objection shall describe with particularity the ground and the authority for the objection;

    10.  If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel <u>prior</u> <u>to</u> <u>trial</u> for such information.  If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial;

    11.  Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of <u>any</u> <u>witness</u> whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert.  The unavailability of any such witness <u>will</u> <u>not</u> <u>be</u> <u>a</u> <u>ground</u> <u>to</u> <u>delay</u> the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the Court, prior to the

---

[2]The case will be tried non-jury.  The estimated trial time is two (2) to three (3) days.

commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections supplied therewith;

12. The parties shall meet to prepare a complete and comprehensive stipulation of uncontested facts pursuant to (d)(2)(b)(2) of Local Rule of Civil Procedure 16.1; two (2) copies of such stipulation shall be submitted to the Court (Chambers, Room 12613) at least three (3) days before the case appears on the trial list. The original shall be filed with the Clerk of the Court;

13. At least three (3) days before the case appears on the trial list, each party shall submit to the Court (Chambers, Room 12613) two (2) copies of (a) proposed findings of fact and conclusions of law, (b) motions in limine (excepting Daubert motions), and (c) a trial memorandum on the legal issues involved in the case. The originals shall be filed with the Clerk of the Court; and,

14. At the commencement of trial, the Court should be supplied with two (2) copies of each exhibit, and three (3) copies of a schedule of exhibits which shall briefly describe each exhibit.

**BY THE COURT:**

**JAN E. DUBOIS, J.**