IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DE LAGE LADEN FINANCIAL SERVICES, INC.** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **DIGITAL PARTNERS OF ARKANSAS, INC.; f/k/a RALPH CROY & ASSOCIATES, INC.; and, RALPH CROY** | : | NO. 02-4877 |
| | : | |
| | : | |
| Defendants. | : | |

### ORDER AND FINDINGS OF FACT AND CONCLUSIONS OF LAW

### O R D E R

**AND NOW**, this 9th day of November, 2004, the Court having conducted a non-jury Trial on November 1, 2004, and defendant, Digital Partners of Arkansas, Inc., f/k/a Ralph Croy & Associates, Inc., having failed to appear or otherwise defend, based on the following Findings of Fact and Conclusions of Law, the Court **FINDS** in **FAVOR** of plaintiff, De Lage Laden, Financial Services, Inc., and **AGAINST** defendant, Digital Partners of Arkansas, Inc., f/k/a Ralph Croy & Associates, Inc., and **ENTERS JUDGEMENT IN FAVOR** of plaintiff, De Lage Laden, Financial Services, Inc., and **AGAINST** defendant, Digital Partners of Arkansas, Inc., f/k/a Ralph Croy & Associates, Inc., in the total amount of $334,536.62.

### FINDINGS OF FACT

1. De Lage Laden, Financial Services, Inc. ("DLL") is a Michigan corporation with a corporate headquarters at 1111 Old Eagle School Road, Wayne, Chester County, Pennsylvania.

2. DLL is in the business, <u>inter alia</u>, of financing leased office equipment.

3. Defendant, Digital Partners of Arkansas Inc. f/k/a Ralph Croy and Associates, Inc., is an Arkansas corporation which had its principal place of business in Arkansas. Defendant admitted in paragraph 3 in its answer to DLL's Complaint that Digital Partners of Arkansas, Inc. is formerly known as Ralph Croy and Associates, Inc.

4. On or about September 2, 1999, Croy Print Shop executed Lease number 24311848 ("Lease A") with DLL for certain equipment referred to therein. Lease "A" was admitted into evidence without objection as part of Plaintiff's Exhibit 1.

5. Lease A obligated Croy Print Shop to make sixty (60) equal monthly payments in the minimum amount of $2,080.05, after which time it was required to return the leased equipment.

6. As a condition of entering into Lease A, DLL required that Defendant guarantee the performance of the Lease obligations. The Cross-Corporate Guarantee executed by Ralph Croy & Associates, Inc., was admitted into evidence without objection as part of Plaintiff's Exhibit 1.

7. On or about November 27, 2000, Defendant executed Lease number 24369295 ("Lease B") with DLL for certain equipment referenced therein. Lease B was admitted into evidence without objection as part of Plaintiff's Exhibit 2.

8. Lease B obligated Defendant to make thirty-six (36) equal monthly payments in the minimum amount of $2,424.00, after which time it was required to return the leased equipment.

9. On or about March 21, 2001, Defendant executed Lease number 24387421 ("Lease C") with DLL for certain equipment referenced therein. Lease C was admitted into evidence without objection as part of Plaintiff's Exhibit 3.

10. Lease C obligated Defendant to make thirty-six (36) equal monthly payments in the minimum amount of $446.76, after which time it was required to return the leased equipment.

11. On or about April 3, 2001, Defendant executed Lease number 24388507 ("Lease D", collectively with Leases A, B and C, the ""Leases") with DLL for certain equipment referenced therein.

12. Lease D obligated Defendant to make thirty-six (36) equal monthly payments in the minimum amount of $2,863.00, after which time it was required to return the leased equipment.

13. Payments to DLL under Lease A, guaranteed by Defendant, went into default.

14. Defendant defaulted in payments under Leases B, C and D.

15. During Trial, DLL's witness, Jake Hornung ("Hornung"), Litigation Specialist with responsibility for Defendant's file, testified that he reviewed the allegations of the Complaint and found them to be true and correct.

16. The Leases provide that upon default, monies due thereunder shall bear interest at the rate of 18% per annum from the date of default until paid. (See plaintiffs Exhibits 1 through 4.)

17. The Leases provide that Defendant shall pay all costs incurred and reasonable attorneys' fees. (See plaintiffs Exhibits 1 through 4.)

18. During Trial, Hornung testified that the Summary of Damages presented to the Court and attached hereto as Exhibit "A" is a true and correct summary of the balances due to DLL from the Defendant pursuant to Count 1 of the Complaint and Defendant's obligations under the Leases.

## CONCLUSIONS OF LAW

1. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. §1332.

2. Defendant is in default under the terms of the Leases and is in breach of its obligations thereunder.

3. As a result of its breach, Defendant is liable to DLL in the amount of $334,536.62, which represents principal due of $222,152.45, interest for 964 days at 18% per annum totaling $105,610.67, attorneys' fees of $6,623.50 and court costs of $150.00.

4. DLL's attorney's fees of $6,623.50, as set forth in its Amended affidavit in Support of Attorneys' Fees Incurred filed with the Court on November 1, 2004, are reasonable.

BY THE COURT:

_____
JAN E. DUBOIS, J.